Benjamin J. Beatty, Bar No. MD0143
185 Admiral Cochrane Drive, Suite 240
Annapolis, MD  21401
301-805-4700
bbeatty@ch13md.com

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re:                                       :
    Celeste Rita Riley, MD,          :      Case No. 24-00255- ELG
                                             :           Chapter 13
    Debtor.                           :
                                             :

## MOTION FOR ORDER TO JUSTIFY AND DISGORGE ATTORNEY FEES

NOW COMES Rebecca A. Herr, Chapter 13 Trustee in the above-captioned case, by and through her undersigned counsel, pursuant to 11 U.S.C. § 329 and Fed. R. Bankr. P. 2017 and 9011(b), and moves this Court to issue an Order to Debtor's Counsel, Gertrude Ngamga Kamtchoum, Esq. to justify her attorney's fees and, if no justification exists, to disgorge her attorney's fees.  In support of her motion, the Trustee respectfully represents the following:

1. Celeste Rita Riley, MD ("Debtor") commenced this proceeding on July 17, 2024 as an emergency petition, which did not include Schedules A-J, the Declaration for Schedules, the Summary of Assets and Liabilities, the Statement of Financial Affairs or the Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period, the Chapter 13 Plan, the Social Security Statement or the Disclosure of Compensation of Attorney.

2. Debtor is represented by Gertrude Ngamga Kamtchoum, Esq. ("Counsel").

3. The pleadings initially filed were the Voluntary Petition and the Credit Counseling Certificate.

4. The Court issued an order and notice on July 17, 2024, directing Debtor to file required documents, and directing Debtor's Counsel to file a 2016 form.

5. By July 31, 2024 Debtor filed her remaining required documents, and Counsel filed her Disclosure.

6. On August 8, 2024, the Chapter 13 Trustee filed her first Motion to Dismiss Case for failure to qualify (ECF 24), as the scheduled debt on D, E and F (see ECF 9, 12 and 13) exceeded $3,272,013.  On her Schedule E/F, Debtor listed six creditors, including a debt of $2,500,000 to Katharina Ferl and Paul Haynes ("Ferl").  Debtor filed a response at ECF 32.

7. On August 19, 2024, neither Debtor nor Counsel attended the scheduled Meeting of Creditors.  The Court issued a Show Cause Order on September 4, 2024.

8. On August 29, 2024, Debtor filed an amended Schedule E/F at ECF 28 which deleted five creditors, reduced the amount owed to Ferl to $0.00, and added a creditor "Sheraz Barkat, Esq.", in the amount of $21,362.  However, Counsel did not properly amend the matrix, nor did she pay the Court fee to add the creditor.  The Clerk issued a deficiency notice, which was deemed cured and paid by Counsel on September 12, 2024.  See also ECF 44.  While Counsel did file a certificate of service on August 29, 2024, the certificate did not specify any person served at any address, so it is unclear to the trustee if Counsel properly amended.  Given that the bar date was only 13 days later, and no claim was filed by Mr. Barkat, it is unclear if his debt would be subject to discharge given the total lack of notice.

9. On September 12, 2024, Counsel filed further amendments to Scheduled D and E/F, which readjusted the amount owed to Ferl to $7,500,000, matching proof of claim 3 ("POC 3"), and marked the box as disputed.  However, despite a cursory reading of POC 3, combined with a quick search of DC Superior Court records, while it appeared this was an unliquidated claim as it had not been reduced to judgment; Counsel did not mark the boxes to show that this was either

2

contingent or unliquidated. Counsel then filed a Motion to Convert to Chapter 11 at ECF 42, the day prior to confirmation.

10. At the confirmation hearings on March 13, 2024 and April 9, 2024, the Court questioned Counsel, to which Counsel responded with vague and conflicting answers. The Court had to take a recess in order for Counsel and Debtor to discuss whether to withdraw the motion to convert, which was then finally done on the record. Further, counsel for the trustee made clear that he would not withdraw the motion to dismiss until the schedules were amended to properly list the debt.

11. Thus far, Debtor has filed or amended her Schedule D four times, all of which conflict (ECF 12, 37, 63 and 92). Debtor has filed or amended her Schedule E/F six times, all of which conflict (ECF 13, 28, 38, 52, 87 and 93). It is completely unclear to the trustee what debt this Debtor claims to have given these unbelievable number of amendments.

12. The amendments filed in this case are not limited to debt. Debtor filed multiple Schedule A/B as well (ECF 10, 62, 81 and 90). In ECF 10, Debtor listed accounts with Citibank totaling $129,000. By January 9, Debtor listed only $50,000 in Citibank per ECF 90. Despite requests for months, Counsel only provided financial statements to the trustee over this holiday weekend, which are still incomplete. During his third examination of Debtor at a meeting of creditors, on January 27, 2024, counsel for the trustee asked Debtor to explain these discrepancies. Debtor testified that she was unemployed and had spent $79,000 cash of the bankruptcy estate's assets since filing for bankruptcy. No motion for the use of cash collateral was ever filed by Counsel. This is important as Debtor is currently involved in an ongoing domestic dispute with

3

Peter Deskovich (See proof of claim 2). It is unknown whether this creditor has some type of security interest in this cash assets.

13. As far as her income is concerned, Debtor has filed or amended Schedule I and J each three times (ECF 16, 17, 82, 83, 96, 97). The Schedule I at ECF 16 lists her monthly gross income at $8,879.74, and net income at $8,879.74, with Debtor's employment at HCA Healthcare Forward Pathology Solutions. Her Schedule J at ECF 17 lists monthly real estate taxes at $12,560.63, home maintenance at $6,200, medical expenses at $10,000, charitable contributions at $5,000, and childcare at $3,200. Her net disposable income lists at (-40,065.77). The only paystub Counsel provided to the trustee was from April 2024.

14. At her second meeting of creditors on December 9, 2024, counsel for the trustee inquired of Debtor as to the accuracy of these schedules as was flatly told they were wrong. The trustee then rescheduled the meeting of creditors for January 27, 2024.

15. Following the amendments on January 9, 2025, at ECF 96, Debtor lists her employer as "Uknown Employer" with a gross monthly income of $58,332, and a net monthly income of $58,332. Her Schedule J still lists medical expenses at $10,000, charitable contributions at $5,000, and childcare at $3,200. Her Schedule J now lists her disposable income at $21,885.

16. At the meeting of creditors for January 27, 2024, counsel for the trustee repeatedly asked Debtor if she had carefully reviewed all of her new schedules before signing them. Debtor repeatedly stated under oath that she had reviewed and signed them. Of course, once the inquiry as to the specifics began, Debtor loudly and repeatedly said they were still wrong, as she was still unemployed.

4

17. Debtor also testified that she had cashed out her 401k to pay off her second mortgage in late 2024. Counsel for the trustee asked if she received any permission to do so, and Debtor claimed she did not know that she had to do so. Based on documents received over this holiday weekend, upon information and belief, Debtor withdrew $340,000 from a 401k on September 11, 2024 that was not disclosed on the schedules until January 2025. This was clearly a post-petition transfer, and Counsel did not file any motion with this Court to do so.

18. Debtor has filed or amended her plan six times (ECF 21, 30, 54, 65, 88 and 101). None of these plans is remotely confirmable, given the Chapter 7 liquidation test. Further, none of the plans has properly treated priority and secured creditors for claims 2, 6 and 7.

19. Counsel filed a notice of removal of a $10,000,000 personal injury medical malpractice case at adversary case 25-100002.

20. The Disclosure of Compensation (Local Form No. 10) at Dkt. 19 indicates that Counsel received $3,000 prior to the filing of the case, with a balance due of $0.00.

21. According to 11 U.S.C. § 329 and LBR 2016-2(a), every attorney for a debtor must file with the Court a statement of the compensation paid for the services rendered or contemplated to be rendered in connection with the case. Further, § 329 allows the court to review and adjust compensation if "such compensation exceeds the reasonable value of any such services." In enacting this section, Congress sought to police payments to counsel to guard against overreaching by the debtor's attorney and provide protection for creditors. *Jensen v. U.S. Trustee (In re Smitty's Truck Stop)*, 210 B.R. 844, 848 (10th Cir. BAP 1997); *In re Dixon*, 143 B.R. 671, 676 (Bankr. N.D. Tex. 1992).

22. The Court may regulate attorneys pursuant to Fed. R. Bankr. P. 9011(b) and (c). Counsel was required to perform reasonable inquiry into the assets and income of Debtor. The record in this case clearly showed Counsel failed to meet basic standards of inquiry as required by Rule 9011(b), and therefore the Court should issue a Show Cause Order pursuant to 9011(c).

23. The compensation Counsel has received in this case likely exceeds the value of the services provided. It is hard to imagine that $3000.00 in attorney's fees can be justified where no Meeting of Creditors was ever completed as neither Debtor nor her Counsel attended the first Meeting (See LBR 9010-4 requiring attorneys who have entered an appearance to attend all hearings); and the two subsequent Meetings could not be conducted given the inaccurate schedules. Section 521 documents have not been fully reviewed or provided to the Trustee. The documents that were actually filed are replete with errors, mistakes and omissions, to the point where the Trustee questions the accuracy of all of the pleadings. While Counsel did attend several Meetings of Creditors and Confirmation Hearings, these duplicate hearings can be directly tied to the inability of Counsel to properly vet and file correct Schedules and Plans. The services provided to Debtor by her Counsel therefore have no value.

24. For the foregoing reasons, Counsel should be required to justify or disgorge the attorney's fees paid to her by Debtor pursuant to 11 U.S.C. § 329(b)(2). Alternatively, disgorgement would be appropriate pursuant to 11 U.S.C. § 526(c)(2)(A) for Counsel intentionally or negligently failing to comply with 11 U.S.C. § 526(a)(2). Further, the Court should order sanctions as appropriate pursuant to Fed. R. Bankr. P. 9011(c) for failure to prepare and file accurate schedules and pleadings and to disclose all assets and liabilities.

WHEREFORE, for the reasons set forth above, the Chapter 13 Trustee respectfully requests that this Court: (a) grant the Motion for Order to Justify Fees, (b) order Gertrude Ngamga Kamtchoum, Esq. to disgorge fees to the Debtor, (c) issue sanctions as appropriate, and (d) grant such other and further relief as this Court deems just and proper.

February 20, 2025                    Respectfully submitted,

Rebecca A. Herr,
Chapter 13 Trustee

By Counsel

By Counsel:
/s/ Benjamin J. Beatty
Benjamin J. Beatty, Bar No. MD0143
185 Admiral Cochrane Drive, Suite 240
Annapolis, MD  21401
301-805-4700
bbeatty@ch13md.com

**NOTICE OF OPPORTUNITY TO REQUEST A HEARING TO DEBTOR**
**(Pursuant to Fed. R. Bankr. Proc. 2002 and Local Rule 2002-1)**

**UNLESS OTHERWISE NOTED**, the hearing on the above captioned Motion is set for **March 20, 2025 at 1:00 PM**.  This hearing may be conducted by in person or by ZOOM.  Please contact the Courtroom Deputy for more information.

**YOU ARE HEREBY NOTIFIED** that the Trustee is requesting that the attorney's fees in this case be justified.  Please take notice that any opposition to the Trustee's motion must be

filed with the Court and served upon the Trustee at the address provided above **within twenty-one (21) days after the date on the Certificate of Service**.

Any opposition must state the facts and legal grounds upon which it is based, and you must file and serve a written objection to the motion, together with a proposed order required by Local Bankruptcy Rule 9072-1.  The objection and proposed order must be filed with the Clerk of the Bankruptcy Court, U.S. Courthouse, 3rd and Constitution Av., N.W., Washington, D.C. 2001; and served by mailing a copy to the Chapter 13 Trustee and all scheduled, secured creditors.

If you fail to file a timely objection, the motion may be granted by the Court without a hearing.  Any party in interest with questions may contact the Trustee.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the February 20, 2025, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the Trustee's *Motion for Order to Justify and Disgorge Attorney Fees* will be served electronically by the Court's CM/ECF system on the following:

Gertrude Ngamga Kamtchoum, Esq. at gngamga@ngamgalaw.com

I hereby further certify that on the February 20, 2025, a copy of the *Motion for Order to Justify and Disgorge Attorney Fees* was also mailed first class mail, postage prepaid to:

Celeste Rita Riley, MD
5514 Mac Arthur Blvd, NW
Washington DC 20016

                                             **/s/ Benjamin J. Beatty**
                                             Benjamin J. Beatty