**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| In re: | : | |
|    **Celeste Rita Riley, MD,** | : | Case No. 24-00255-ELG |
| | : | Chapter 13 |
| | : | |
|    **Debtor,** | : | |
| _____ | : | |

## MOTION TO WITHDRAW INADVERTENTLY FILED DOCUMENT CONTAINING PRIVILEGED INFORMATION AND TO SEAL SAID DOCUMENT

COMES NOW Debtor, Celeste R. Riley, Md ("Debtor/Movant") in the above-captioned matter, by and through the undersigned counsel, pursuant to Federal Rule of Evidence 502 and Bankruptcy Rule 9018, and hereby respectfully moves this Court to withdraw an inadvertently filed document, identified as the Amended Chapter 13 Plan (ECF 114) containing attorney-client privilege and attorney work product information and to seal said document. In support of this motion, Movant states as follows:

    1.    On February 20, 2025, Movant inadvertently filed a document, identified as Amended Chapter 13 Plan (ECF 114), in this bankruptcy case that contains information protected by the attorney-client privilege and the work product doctrine.

    2.    The inadvertent disclosure of this privileged information does not constitute a waiver of attorney-client privilege or work-product protection under Federal Rule of Evidence 502(b). USCS Fed. Rules Evid. R. 502.

    3.    The Movant took reasonable steps to prevent disclosure of privileged information and promptly took reasonable steps to rectify the error upon discovery of the inadvertent filing.

    4.     Bankruptcy Rule 9018 authorizes this Court to issue an order that justice requires to protect confidential information.

    5.     The inadvertently filed document contains sensitive and confidential information that, if made public could cause harm to Movant and potentially compromise the integrity in the integrity of the attorney-client relationship.

    6.     Federal Rule of Civil Procedure 26(b)(5)(B), which is applicable to bankruptcy proceedings, provides a procedure for addressing the inadvertent production of privileged information during discovery. While this is not a discovery matter, the principles underlying this rule support the withdrawal and sealing of the inadvertently filed documents. USCS Fed. Rules Civ. Proc. R. 26.

    7.     Withdrawing and sealing the document is necessary to preserve the confidentiality of the attorney-client communication and attorney work product contained therein.

**WHEREFORE,** Movant respectfully requests that this Court:

    A.     **GRANT** this motion to withdraw the inadvertently filed document containing privileged information;

    B.     **ORDER** the sealing of said document to protect the confidentiality of attorney-client privileged and wok product information contained therein;

    C.     **DIRECT** the clerk of the Court to remove the document from public access; and

    D.     **GRANT** such other and further relief as this Court deems just and proper.

Respectfully submitted,

**NGAMGA-K LAW PLLC**

/s/ *Gertrude Ngamga Kamtchoum*

Gertrude Ngamga Kamtchoum, Esq. (Bar ID. 1660199)
300 New Jersey Avenue, NW-Suite 900
Washington, DC 20001
(202) 469-3455
gngamga@ngamgalaw.com
*Counsel for Debtor, Celeste Rita Riley, MD*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this **20th** day of **February, 2025**, a true copy was served *via* CM/ECF and U.S. Mail, first class, postage prepaid on:

Paulette E. Chapman, Esq.
Julie H. Heiden, Esq.
Colby M. Kus, Esq.
KOONZ McKENNEY JOHNSON &
DEPAOLIS LLP
2001 Pennsylvania Avenue, NW – Suite 530
Washington, DC 20006
pchapman@koonz.com
jheiden@koonz.com
ckus@koonz.com

Rebecca A. Herr
Chapter 13 Trustee
Benjamin J. Beatty, Bar No. MD0143
185 Admiral Cochrane Drive, Suite 240
Annapolis, MW 21401
bbeatty@ch13md.com
*Bankruptcy Trustee*

Celeste Rita Celeste, MD
5514 Mac Arthur Blvd, NW
Washington D.C. 20016
Debtor in Bankruptcy Action and
Defendant in DC Superior Court Action
(served *via* mail)

3

Daniel A. Brown, Esq.
Brown & Kiely LLP
4915 Sr. Elmo, Ave., Ste. 510
Bethesda, MD 20814
dbrown@brownkielylaw.com
*Attorney for Plaintiffs in DC Superior Court Action*

David A. Levie, Esq. (D.C. Bar No. 1034550)
Venable LLP
600 Massachusetts Avenue, N.W.
Washington, DC 20001
dalevie@venable.com
202-344-8300 Fax

-and-

Thomas L. Cardonna, Esq. (*Admitted Pro Hac Vice*)
Sarah A. Milunski, Esq. (*Admitted Pro Hac Vice*)
Lewis Rice LLC
600 Washington Avenue – Suite 2500
St. Louis, MO 63101-1311
tcaradonna@lewisrice.com
smilunksi@lewisrice.com
(314) 444-7693 Telephone
(314) 612-7693 Fax
*Counsel for Defendant Lab Corp. of America &*
*Lab Corp of America Holdings in DC Superior Court Action*

Joseph M. Aliberti, Esq.
Law Offices Joseph M. Aliberti
4340 Von Karman Avenue
Suite 290
Newport Beach, CA 92660
jma@alibertilaw.com
*Counsel for Defendant Celeste R. Riley MD &*
*Riley Medical Services LLC in DC Superior Court Action*

/s/ *Gertrude Ngamga Kamtchoum*
Gertrude Ngamga Kamtchoum, Esq. (Bar ID. 1660199)
300 New Jersey Avenue, NW-Suite 900
Washington, DC 20001
(202) 469-3455
gngamga@ngamgalaw.com
*Counsel for Debtor, Celeste Rita Riley, MD*

5